UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ INIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAUL THOMPSON, Warden,<br><br>　　　　　Respondent. | No.  2:19-cv-1318-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241.  ECF No. 1.  Respondent has filed a motion to dismiss the petition.  ECF No. 9.  For the reasons that follow, the motion must be granted.

I.　　Background

Petitioner is confined in federal prison at FCI Herlong.  ECF No. 1 at 1.  He was convicted in 2000 in the United States District Court for the Central District of California on a variety of drug distribution charges and, following some appellate process not relevant here, received a sentence of 360 months' imprisonment on four counts, to be served concurrently.  *Id.* at 11.  Petitioner claims that his sentence was enhanced under a part of 21 U.S.C. § 841(b)(1)(C) that provides for enhancement where "death or serious bodily injury results from the use of" the distributed drugs.  *Id.* at 18.

/////

Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 2007; it was denied the following year. *Id.* at 11-12. In 2014, the United States Supreme Court decided *Burrage v. United States*, 571 U.S. 204, holding that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 218-19. Petitioner contends that he is actually innocent of the facts used for the § 841(b)(1) sentence enhancement under *Burrage* and thus may bring this petition under § 2255(e)'s "savings clause."

Respondent disputes that this court has jurisdiction over the matter. ECF No. 9 at 3-5. Significantly, respondent has produced evidence from petitioner's sentencing that shows that petitioner's sentence was not enhanced under the portion of § 841(b)(1)(C) that was addressed by *Burrage*, because there was no finding that petitioner had distributed drugs that contributed to someone's death. *United States v. Cruz Iniguez*, C.D. Cal. Case No. 8:98-cr-00166-CJC, ECF No. 273 (transcript of petitioner's October 28, 2005 sentencing hearing, hereinafter "Sentencing Transcript") at 52-53, 56-60. Instead, petitioner's sentence was enhanced under another provision in the same subsection (§ 841(b)(1)(C)) regarding prior convictions. *Id.*

II.     Jurisdictional Requirements

Before it can reach the merits of the petition, the court is obligated to first determine whether it has jurisdiction over this § 2241 petition under § 2255(e)'s savings clause. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Ordinarily, a federal prisoner challenging his sentence must do so in a § 2255 motion in the sentencing court. *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). Section 2255(e) permits such challenge under § 2241, however, where a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." A § 2255 motion is "inadequate or ineffective"

where the petitioner: (1) claims he is actually innocent and (2) has not had an unobstructed procedural shot at presenting the claim. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Courts have recently held that petitions challenging pre-*Burrage* enhancements under § 841(b)(1)(C) can meet both requirements. *Harrington v. Ormond*, 900 F.3d 246 (6th Cir. 2018); *Terry v. Shartle*, No. CV-15-00107-TUC-CKJ (EJM), 2017 U.S. Dist. LEXIS 78282 (D. Ariz. May 23, 2017).

### III.    Analysis

Respondent argues that this court lacks jurisdiction over the petition because petitioner fails to viably claim actual innocence and that petitioner has had multiple prior unobstructed procedural opportunities to challenge his sentence. The court must agree that jurisdiction is lacking.

Petitioner's claim of actual innocence rests entirely on *Burrage*. There, the U.S. Supreme reviewed 21 U.S.C. § 241(b)(1)(C), which provides, in relevant part:

> In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid …, or 1 gram of flunitrazepam, … such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life …. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment ….

Thus, the statute sets out four possible sentencing ranges: (1) not more than 20 years if the defendant has no prior felony drug conviction but no death or serious bodily injury resulted from use of the trafficked drug, (2) 20 years to life if the defendant has no prior felony drug conviction and death or serious bodily injury *did* result from use of the trafficked drug; (3) not more than 30 years if the defendant has a prior felony drug conviction but no death or serious bodily injury resulted from use of the trafficked drug; and (4) life imprisonment if the defendant has a prior felony drug conviction and death or serious bodily injury *did* result from use of the trafficked drug.

/////

/////

3

In *Burrage*, the defendant had been sentenced to a 20-year mandatory minimum sentence under § 841(b)(1)(C) after an individual who had taken drugs provided by the defendant died (that is, under the second range summarized in the above paragraph). 571 U.S. at 208. The Supreme Court reversed the conviction because it concluded that the "death or serious bodily injury" provisions of the statute were subject to a but-for causation requirement that the district court had not imposed. *Id.* at 218-19.

*Burrage* says nothing about § 841(b)(1)(C)'s penalty enhancements for prior felony drug convictions. Because the sentencing transcript unequivocally shows that petitioner was given the 30-year sentence due to his prior convictions, with no mention by any party or the court of any death resulting from the drugs he sold, *Burrage* is simply inapplicable to petitioner's case. Petitioner advances no other theory under which the court could conclude that he is actually innocent of the drug crimes he was convicted of or the prior convictions underlying his enhanced sentence. Because *Burrage* is flatly inapplicable to the facts of this case and petitioner makes no other argument, petitioner has failed to demonstrate that he was "convicted for conduct not prohibited by law." *Alaimalo*, 645 F.3d at 1047.

As petitioner has failed to make the showing of actual innocence required for this court to entertain his § 2241 petition under § 2255(e), respondent's motion to dismiss must be granted.

IV. <u>Recommendation and Order</u>

For the foregoing reasons, it is hereby ORDERED that the Clerk of Court randomly assign a United States District Judge to this case. Further, it is RECOMMENDED that respondent's January 9, 2020 motion to dismiss (ECF No. 9) be granted and the case be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5